# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KARL M. CARPENTER,**                                                                 **PLAINTIFF**

**v.**                                                                                    **NO.: 3:13cv285-M-A**

**MANAGEMENT AND TRAINING CORPORATION, et al.,**         **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Karl M. Carpenter, proceeding *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983, alleging that he was subjected to excessive force while he was housed at the Marshal County Correctional Facility ("MCCF"). Defendant Management and Training Corporation ("MTC"), a private company contracted by the Mississippi Department of Corrections to operate MCCF, has moved for summary judgment. Carpenter has responded to MTC's motion. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that Defendant MTC's motion should be granted, for the reasons that follow.

## Background

At the time of the incidents alleged in his complaint, Karl Carpenter was a post-conviction inmate housed at the Marshall County Correctional Facility ("MCCF"). He alleges that sometime in the early morning hours of July 27, 2013, he attempted to leave his assigned housing unit, as he feared his life was in danger. (ECF No. 1). He maintains that when he refused requests by officers to go back to his housing zone, he was taken to the ground, cuffed, and escorted to the main walkway. He claims that while he was walking with his hands restrained, an officer hit him over his head with an unknown object, and that he was "shoved into the bars head first" as he was passing through a doorway. He claims that as a result of this

incident he was taken to an outside hospital and received ten staples in his head. On September 27, 2013, Carpenter was transferred to another facility.

Carpenter filed this §1983 suit against MCCF, the Mississippi Department of Corrections ("MDOC"), MTC, and several John Does who have since been identified. MCCF and MDOC were subsequently dismissed from this action. MTC has now filed a motion for summary judgment, arguing that it is entitled to judgment as a matter of law.

**Summary Judgment Standard**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining the appropriateness of summary judgment, all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir.1995). However, in the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)(emphasis omitted).

Summary judgment is proper, then, "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations

omitted)). The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Therefore, summary judgment should be granted if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir.1993).

### Failure to exhaust administrative remedies

Because the plaintiff was incarcerated when he filed the instant lawsuit, the Prison Litigation Reform Act (PLRA) applies to this case. *See* 28 U.S.C. § 1915(g). The PLRA requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012). There is no futility exception to the exhaustion requirement, and exhaustion must be pursued even where the sought relief is unavailable through the administrative process. *See Hicks v. Lingle*, 370 F. App'x 497, 499, 2010 WL 1141552, at *2 (5th Cir. Mar. 17, Cir. 2010) (citing *Booth v. Churner*, 532 U.S. 731, 739-41 & n.6 (2001)); *see also Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Dismissal is mandatory, then, where a prisoner fails to properly exhaust his available prison grievances prior to filing his complaint. *Gonzalez*, 702 F.3d at 788.

MDOC has implemented its administrative review procedure, the Administrative Remedy Program ("ARP"), in all of its facilities across the State. *See, e.g.*, *Stewart v. Woodall*, No. 2:11-CV-207, 2012 WL 2088883, at **2-3 (S. D. Miss. May 2, 2012) (report and recommendation adopted by order dated June 8, 2012, 2012 WL 2089508). Pursuant to the adopted ARP procedures, an inmate is required to submit his initial grievance or request in writing to the Legal

3

Claims Adjudicator within thirty days of an alleged incident. (Mot. Summ. J., Ex. B, MDOC Inmate Handbook, Ch. VIII). If, after screening, the request is accepted in to the ARP process, it is forwarded to the appropriate prison official who will investigate and issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by completing ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the inmate is not satisfied with the Second Step Response, he may file suit in State or Federal court. (*Id*.).

Carpenter first submitted an ARP request regarding the alleged incident at MCCF on September 2, 2013. (Mot. Summ. J., Ex. A., ARP No. MCCF-13-392, p. 37). His grievance was not accepted into the process and was returned to him on September 10, 2013, because there was a time lapse of more than thirty days between the event complained of and his initial grievance request. (*Id.* at p. 39). On September 10, 2013, Carpenter submitted another ARP request regarding the July 27, 2013, incident. (*Id*. at p.41). This grievance was not accepted based on the prior request and its untimeliness. (*Id*. at p.42). According the ARP Coordinator at MCCF, Carpenter did not submit any further grievances concerning the July 27, 2013, incident. (*Id*., Aff. of Cassandra Moore, pp. 1-4).

The documents submitted by MTC demonstrate that Carpenter was well versed with MCCF's policies and procedures before he submitted his ARP request regarding the incident forming the basis of this lawsuit. Carpenter submitted an ARP request concerning a rule violation report ("RVR") on July 21, 2013, and completed that ARP process on July 30, 2013; on July 22, 2013, Carpenter submitted an ARP request seeking trusty status and credit for earned time; on July 23, 2013, Carpenter submitted an ARP request complaining about not receiving

4

dinner; and on August 26, 2013, he submitted three separate ARP requests seeking to appeal three separate RVRs, and he completed the ARP process regarding all three appeals on September 5, 2013. (*See* Mot. Summ. J., Ex. A).

Carpenter failed to file his ARP request regarding the July 27, 2013 incident within thirty days of its occurrence, which is a fact that he concedes. (*See* ECF No. 1, p. 3). Thus, his request was not accepted into the ARP process, as it was untimely pursuant to MDOC policy. Therefore, Carpenter failed to exhaust his available administrative remedies regarding the claims raised in the present action prior to filing suit. The Court finds no excuse for Carpenter's failure to exhaust. Carpenter was not prevented from pursuing his administrative remedies within the required time frame. As noted, he pursued multiple grievances through the ARP process in July and August 2013. (*See* Mot. Summ. J., Ex. A).

The only evidence of Carpenter's efforts to exhaust his administrative remedies regarding the incident forming the basis of this action are the untimely grievances he submitted on September 2, 2013, and September 10, 2013. Because the grievance process must be carried through to its conclusion before suit can be filed under the PLRA, *Tompkins v. Holman*, No. 3:12-CV-87, 2013 WL 1305580, at *1 (S.D. Miss. March 26, 2013) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)), MTC's dismissal from this action is mandatory.

**Absence of MTC Liability**

MTC is a legal entity capable of being sued. *See, e.g., Rosborough v. Management & Training Corp*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that private-prison management companies are subject to § 1983 liability). However, "just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its

5

employees, so is a private corporation not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Lonoaea v. Corr. Corp. of Am.*, 665 F. Supp. 2d 677, 685 (N.D. Miss. 2009) (citations omitted). Rather, a private corporation is only liable when an official policy or custom of the corporation causes, or is the "moving force" behind the constitutional violation. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir.2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987); *see also Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Carpenter has not alleged any such liability against MTC. Rather, he alleges an incident of excessive force by one or more correctional officers. This Court recently ordered process to issue as to the individually-named officers, and the issue of their liability has not been determined. It is clear to the Court, however, that MTC cannot be held for the alleged actions of its employees under these circumstances. *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002) (holding that § 1983 does not "create supervisory or respondeat superior liability"). Accordingly, MTC should be dismissed from this action.

## Conclusion

For the reasons set forth herein, MTC's motion for summary judgment [54] is **GRANTED**, and judgment should enter in favor of Defendant MTC. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 2nd day of October, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**